**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD G. JONES, | No. C 10-02750 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION** |
| v. | |
| UNITED STATES SUPREME COURT, et al., | |
| Defendants. | |

On June 23, 2010, plaintiff Donald G. Jones filed a 558 page complaint against 42 individual defendants as well as against the United States Supreme Court, United States District Court for the District of Columbia, United States District Court for the Northern District of Georgia (Atlanta Division), United States Court of Appeals for the Eleventh Circuit, and the United States District Court for the Eastern District of Louisiana. Plaintiff has also filed an application to proceed *in forma pauperis* and an administrative motion for relief from various Civil Local Rules.

The Court has reviewed the voluminous Complaint and its attachments, as well as the supporting memoranda. As explained below, the Court DENIES plaintiff's application to proceed *in forma pauperis* because the Northern District of California is not an appropriate venue for plaintiff's claims and plaintiff's complaint fails to state a claim for relief. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."). For the same reasons, the Court DISMISSES the complaint without leave to amend in this venue.

As an initial matter, plaintiff's complaint fails to contain short, plain statement of his claims showing that he is entitled to relief under Federal Rule of Civil Procedure 8(a). Instead of identifying each alleged harm, and the specific defendants responsible for each harm, the 558 page complaint contains mostly citations to statutes and other legal authority which plaintiff believes support his various claims. *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ("Prolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiffs filed, and must prepare outlines to determine who is being sued for what.").

However, even if plaintiff's complaint met the requirements of Rule 8, plaintiff's IFP application must be denied because venue is not appropriate in this district and plaintiff's complaint fails to state a claim as a matter of law. After reviewing the Complaint and exhibits, the Court believes it has identified the factual bases for plaintiff's current action: (1) a complaint about the denial of plaintiff's IFP application in the United States Supreme Court; (2) a complaint about the denial of plaintiff's IFP applications in the Eleventh Circuit; (3) a complaint about the denial of plaintiff's IFP application in the Northern District of Georgia (Atlanta Division); (4) a complaint about the denial of plaintiff's IFP application in the Fifth Circuit; (5) a complaint about the denial of plaintiff's right to have summonses issued in a case in the District Court for the District of Columbia; (6) a complaint about the denial of plaintiff's right to have subpoenas issued in a case in the Eastern District of Louisiana; (7) a complaint about the denial of plaintiff's rights to have documents filed in unspecified cases; and (8) a complaint about the denial of plaintiff's motions for the recusal of judges in unspecified cases. *See* Complaint at 9-10; Memorandum in Support of Civil Complaint at 8-9. These allegations are brought against Article III judges as well as court staff members.

Plaintiff's claims – which are based on actions taken in courts well outside of this judicial district – cannot support venue here. Generally, when jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff, a resident of Georgia (Complaint at 6-7) does not claim that any defendant resides in this district or that any of the events described in his complaint occurred in this district. Instead, he claims that venue is appropriate here because defendants' unlawful acts are of "national implication" and that because various congressional statutes and appropriations – which form the bases of Mr. Jones' complaints in his *other* pending and resolved federal court cases, but not this case – are both in the national interest and were supported by House Speaker Nancy Pelosi as well as the two California Senators, his current claims can be asserted in this District. Complaint at 10-12. These allegations, however, do not support venue in this District. Venue would be appropriate in the District of Columbia or the Eastern District of Louisiana or the Northern District of Georgia, but not here.

Finally, even if venue were appropriate in this District, plaintiff's complaint fails to state a claim as a matter of law. With respect to the judges and justices named in the Complaint, plaintiff's allegations regarding the IFP and recusal orders, as well as the failure to issue summons and subpoenas, are barred by the doctrine of judicial immunity as the allegations concern decisions judicial officers made in presiding over plaintiff's cases and those are acts performed in their judicial capacity. *See, e.g., Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).

With respect to court clerks and other court employees named in the Complaint, plaintiff's allegations regarding the denial of the IFP and recusal orders are barred by quasi-judicial immunity as the actions complained of are closely associated with the judicial process. *See, e.g., Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 952 (9th Cir. 2002) (stating that court clerks performing functions closely associated with the judicial process are entitled to absolute immunity). Therefore, any court employee's actions in effectuating a judge's rulings on an IFP or recusal order (*i.e.*, entering and/or sending out the order), would be absolutely immune from liability.

Courts have also found that court clerks are immune from claims stemming from alleged failures to accept or file documents, as their actions are related to an integral part of the judicial process. *See, e.g., Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1390 (9th Cir. 1987) (determining bankruptcy clerks enjoyed absolute quasi-judicial immunity for refusing to accept an amended complaint, as their actions related to an integral part of the judicial process); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th

1 Cir. 1989) (concluding clerk's duties in filing documents was an integral part of the judicial process, so the clerk's delayed filing of the complaint and lies about its whereabouts, was protected by judicial immunity).

With respect to the plaintiff's allegations regarding the denial of his rights to have summons and subpoenas issued, plaintiff's claims relate to two cases that are pending in other district courts. Complaint at 10. Specifically, plaintiff alleges that he has been denied the right to have summons issued in a case pending in the United States District Court for the District of Columbia, *Jones v. Louisiana State Bar et al.*, Case No. 09-0616-JDB. Plaintiff also alleges that he has been denied the right to have subpoenas issued in a case pending in the United States District Court for the Eastern District of Louisiana, *Jones v. First Bank & Trust Co et al.*, No. 10-CV-939-CI.[1] The appropriate route for plaintiff to challenge those courts' failures to issue summons and subpoenas is with the respective district courts, and when the district courts' decisions are final, with the respective Courts of Appeals. *See, e.g., Dynaquest Corp. v. United States Postal Serv.*, 242 F.3d 1070, 1075 (D.C. Cir. 2001) ("This circuit, however, has no authority to collaterally review the decisions of a sister circuit."); *see also Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action]." (internal quotation omitted)).

For the foregoing reasons, the Court denies plaintiff's application to proceed *in forma pauperis*. For the same reasons, the complaint is dismissed without leave to amend in this venue but without prejudice to new filings in the appropriate courts.

**IT IS SO ORDERED.**

Dated: July 26, 2010

SUSAN ILLSTON
United States District Judge

---

[1] The Eastern District of Louisiana case is still pending, although an order dismissing the complaint was filed on July 16, 2010.

4